FILED

2010 Sep-28  PM 01:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KURT J. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  5:09-CV-2037-SLB |
| | ) | |
| ATHENS POLICE DEPARTMENT; | ) | |
| WAYNE HARPER, in his personal | ) | |
| capacity and his official capacity as | ) | |
| Athens Police Department Chief; | ) | |
| RANDY VICKERS, in his personal | ) | |
| capacity as his official capacity as an | ) | |
| Athens Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court Motions to Dismiss filed by defendants

Athens Police Department, (doc. 6),[1] Wayne Harper, (doc. 11), and Randy Vickers, (doc. 9).

Plaintiff, Kurt J. Lowe, has sued defendants alleging violations of his First, Fourth, and

Fourteenth Amendment rights under the United States Constitution, as well as a number of

other causes of action, arising from a traffic stop on October 13, 2008.   Upon consideration

of the record, the submissions of the parties, and the relevant law, the court is of the opinion

that defendants' Motions to Dismiss, (docs. 6, 9, and 11), are due to be granted and all claims

against the Athens Police Department, and Harper and Vickers in their personal capacities

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each
document as it is filed in the court's record.

will be dismissed.  The court will dismiss all claims against Harper and Vickers in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)B)(i)-(ii).

## I.  <u>MOTION TO DISMISS STANDARD</u>

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.  The purposes of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of claim for relief.  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The court assumes the factual allegations in the complaint are true and gives plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Nor is it proper to assume that plaintiff can prove facts it has not alleged or that defendants have violated the

law in ways that have not been alleged.  *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).[2]

---

[2]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

In a § 1983 case, when defendant may assert a qualified immunity defense, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations.  The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief."  *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

## II. <u>STATEMENT OF FACTS</u>

Plaintiff alleges that officials in Kentucky "erroneously, intentionally and fraudulently" informed the Alabama Department of Public Safety that "Plaintiff had been convicted of fleeing and eluding." (Doc. 4 ¶ 17.)  He contends his license was suspended by the Alabama Department of Public Safety based on this information.  (*Id*. ¶ 18.)  Alabama law provides:

(a)(1)  Any person whose driver's . . . license issued in this or another state . . . has been cancelled, denied, suspended, or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while his or her license . . . is cancelled, denied, suspended, or revoked shall be guilty of a misdemeanor . . . .

. . .

(b)  Notwithstanding any provision of law, any person who operates a motor vehicle upon the highways of this state while his or her driver's license . . . is revoked for any reason under the laws of this state or similar laws of any other state or territory . . . shall be immediately removed from the vehicle.  The vehicle . . . ***shall be impounded*** by any duly sworn law enforcement officer. . . .

Ala.Code § 32-6-19(a)(1), (b)(emphasis added); *see also* City of Athens Code of Ordinances Sec. 82-9(b)(1)a.[3]

On October 13, 2008, plaintiff was stopped by defendant Randy Vickers, an Officer with the Athens Police Department. (*Id*. ¶ 22.) According to plaintiff, Officer Vickers stopped him based on information that plaintiff was driving with a suspended license. (*Id*. 39.) Plaintiff was detained in Officer Vicker's police car while his vehicle was searched. (*Id*. ¶¶ 28, 29.) The vehicle was impounded; plaintiff had to pay an impound fee of $160. (*Id*. ¶¶ 40, 45.) Although he alleges that he was not allowed to secure his possessions in the vehicle before it was towed, plaintiff does not allege that the failure to secure his possessions resulted in any loss. (*See id*. ¶¶ 42-45.)

─────────────────

[3]The City of Athens also has an Ordinance providing for the impounding of a vehicle operated by an individual without a license, which states:

> (b)(1)a. If a driver is unable to produce a valid driver's license on the demand of a law-enforcement officer, the motor vehicle is subject to impoundment regardless of ownership, unless the law-enforcement officer is reasonably able, by other means, to verify that the driver is properly licensed. Prior to impounding the motor vehicle, a law-enforcement officer shall make a reasonable attempt to verify the license status of a driver who claims to be properly licensed, but who is unable to produce the license on demand of the law-enforcement officer. A notation of the officer's attempt to verify that the driver is properly licensed shall be noted on the departmental report. The driver and occupants of the motor vehicle will be transported to a place of safety by the impounding officer and a vehicle-impound report made with a full inventory of items in the motor vehicle.

City of Athens Code of Ordinance Sec. 82-9(b)(1)a.

Defendant Vickers cited plaintiff for driving on a suspended license. (*Id*. ¶ 41.) For reasons not specified in the Complaint, this charge was dismissed. (*Id*. ¶ 47.) Plaintiff alleges that defendant Vickers "acted to provoke, intimidate, harass, frighten, and threaten Plaintiff," by "imping[ing] upon [his] personal space by stepping forward toe to toe and face to face with the Plaintiff." (*Id*. ¶ 35.) He also alleges, "Defendant Vickers made inferences and statements that harassed, embarrassed, annoyed, caused inconvenience to and defamed the Plaintiff and several concerned homeowners' [sic] present at the scene." (*Id*. ¶ 37.) The Complaint, however, does not describe Vickers's conduct that "provoke[d], intimidate[d], harass[ed], frighten[ed]. and threaten[ed], (*id*. ¶ 35), or the conduct that "harassed, embarassed, annoyed, caused inconvenience to and defamed" him, (*id*. ¶ 37).

Plaintiff alleges – without elaboration – that "Defendant Harper sanctioned defendant Vickers['s] actions." (*Id*. ¶ 60.) He makes no other factual allegations against defendant Harper.

Also, plaintiff alleges that the City interfered with his efforts to receive certain "public records," including "the policy and procedure manual, the audio/video recordings from the stop, dispatch records, and informant information." (*Id*. ¶ 49; *see also id*. ¶¶ 46-48, 50-55.) As a result, plaintiff filed an action in the Circuit Court of Limestone County. (*Id*. ¶ 56.) He alleges that the court rescheduled a hearing in that case, but failed to notify him.[4] (*Id*. ¶ 59.)

---

[4]The court notes that plaintiff has alleged a number of other incidents when he did not receive notice sent through the U.S. Post Office. (*See* doc. 4 ¶¶ 18 [did not receive notice from Alabama Department of Public Safety that his driver's license was suspended]; doc. 15

According to plaintiff, his case was dismissed without prejudice when he failed to appear. (*Id.*)  Plaintiff's Complaint does not allege that Harper or Vickers had any involvement in these events.

On October 9, 2009, plaintiff filed a Complaint in this court against defendants City of Athens, defendant Harper (in his personal capacity and in his official capacity as Chief of Police for the City of Athens, defendant Vickers (in his personal capacity and in his official capacity as an Officer of the City of Athens), and "Unknown Defendants 1-16."[5]  (*See*, *generally*, doc. 1.)  On November 9, 2009, plaintiff filed an Amended Complaint, which contained the following claims:

---

at 1 [alleging he did not receive defendant's pleadings in his Limestone County Circuit Court case]; doc. 21 at 3, 8 [alleging he did not receive copies of any pleadings in this case, save defendants' waiver of service]; doc. 25 at 2 [alleging he did not get a copy of defendants' Motion to Stay Discovery].)  Because the United States Postal Service regularly delivers mail to the proper addressee, "[t]he rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."  *Hagner v. United States,* 285 U.S. 427, 430 (1932).  The "presumption of receipt" "is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business . . . ."  *Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851 n.1 (11th Cir. 1996)(quoting *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884)).

[5]There is no fictitious party pleading in federal court.  *Edwards v. Alabama Department of Corrections*, 81 F. Supp. 2d 1242, 1257 (M. D. Ala. 2000)(citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Wiggins v. Risk Enterprise Management Ltd.*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala.1998); *Floyd v. Allstate Insurance Co.*, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998)).  Therefore, all claims against Unknown Defendants 1-16 will be dismissed.

Count I          "Violations of the First, Fourth and Fourteenth Amendments of The Constitution of the United States and 42 U.S.C. §[§] 1983, 1985 & 1986"

Count II         "Violations of the Alabama Constitution"

Count III        "Failure to train and supervise"

Count IV         "Negligent Hire and Retention"

Count V          "Malicious Prosecution"

Count VI         "Conspiracy"

Count VII        "Defamation, Libel, Slander"

Count VIII       "Conversion"

Count XIV [sic]       "Declaratory Judgment"

Count X          "Intentional and/or negligent infliction of emotional distress

Count XI         "Trespass"

Count XII        "Punitive damages – Oppression, Fraud or Malice"

(Doc. 4.)

## III. DISCUSSION

The court begins its discussion of defendants' Motions to Dismiss by noting that plaintiff is proceeding *pro se*.  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  However, "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is

it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).  The Supreme Court has –

> never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As [the Court has] noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*McNeil v. United States*, 508 U.S. 106, 113 (1993)(quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980))(internal quotations and footnote omitted).  "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of pro se litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## A.  CITY OF ATHENS POLICE DEPARTMENT

Plaintiff has named the City of Athens Police Department as a defendant in this case. In Alabama, municipal corporations may sue and be sued.  Ala. Code § 11-40-1.  Certain Boards or Authorities within the municipality may incorporate and become legal entities, separate from the municipal corporation, that may sue and be sued.  *See*, *e.g.*, Ala. Code § 11-47-218 (public park authority); Ala. Code § 11-49A-8 (transit authority);  Ala. Code § 11-50-314 (water, sewer, gas, and electric boards).  However, municipal police departments are not considered such separate legal entities capable of being sued.  *See Carter v. City Police*

*for Dothan*, No. 1:09-CV-813-ID, 2009 WL 3156967, *1 (M.D. Ala. Sept. 28, 2009)(citing

*Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).

Therefore, plaintiff cannot sue the City of Athens Police Department.  The Police

Department's Motion to Dismiss, (doc. 6), will be granted and all claims against the Police

Department will be dismissed with prejudice.

## B.  DEFENDANTS HARPER AND VICKERS

### 1.  Federal Claims

The caption of Count I describes this count as "Violations of the First, Fourth and

Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §[§] 1983,

1985 & 1986."  (Doc. 4 at 9.)  The sole substantive paragraph under Count I, states,

"Defendants engaged in conduct set forth herein that deprived Plaintiff Lowe under color of

law, his right to free speech, and free association, freedom from unreasonable search and

seizure, due process, equal protection and privileges and immunities."  (Doc. 4 ¶ 65.)

### a.  Personal Capacity and Official Capacity Claims

In *Kentucky v. Graham*, the Supreme Court clarified the distinction between suits

against officials in their personal capacities and suits against officials in their official

capacities:

> Personal-capacity suits seek to impose personal liability upon a government
> official for actions he takes under color of state law.  Official-capacity suits,
> in contrast, generally represent only another way of pleading an action against
> an entity of which an officer is an agent.  As long as the government entity
> receives notice and an opportunity to respond, an official-capacity suit is, in
> all respects other than name, to be treated as a suit against the entity.

10

*Graham*, 473 U.S. 159, 166 (1985)(internal citations and quotations omitted). The Eleventh Circuit has recognized this principle's application to local governmental entities. "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir.1989). When suit is also filed against the governmental entity, it is appropriate for the Court to dismiss the named defendants in their official capacities as "redundant and possibly confusing to the jury." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991).

In this case, plaintiff has not named the City of Athens, the governmental entity the defendants represent. The court will analyze the claims against defendants Harper and Vickers in their official capacites as claims against the City.

### b. Sections 1985 and 1986

Plaintiff asserts claims against defendants based on violations of 42 U.S.C. §§ 1985 and 1986. The court assumes tht plaintiff is proceeding under § 1985(3) because he mentions

"privileges and immunities" in his Complaint.[6]   (Doc. 4 § 65.)   To state a claim for

conspiracy under 42 U.S.C. § 1985(3), plaintiff must allege:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Cook v. Randolph County*, 573 F.3d 1143, 1149 (11th Cir. 2009)(quoting *Childree v.*

*UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1147 (11th Cir. 1996)).   To show "the purpose of

depriving, either directly or indirectly, any person or class of persons . . . of equal privileges

---

[6]Subsection 3 of § 1985 states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of ***equal privileges and immunities*** under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3)(emphasis added).

and immunities under the laws," *id.*, plaintiff must allege sufficient facts to show "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)(quoting *Carpenters v. Scott*, 463 U.S. 825, 833 (1983) and *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971))(internal citations and quotations omitted).

Plaintiff's Complaint contains no allegation of racial animus or any other class-based animus on the part of either Harper or Vickers. Therefore, the court finds plaintiff has not alleged a conspiracy claim under 42 U.S.C. § 1985(3). Defendants' Motions to Dismiss will be granted and the § 1985 claim will be dismissed without prejudice against defendants Harper and Vickers in both their individual and official capacities.[7]

Plaintiff also claims a violation of § 1986. Section 1986 creates a cause of action against any person who knows of a § 1985(3) conspiracy, does not act to prevent it, and the

---

[7]Defendants did not move to dismiss the claims against Harper and Vickers in their official capacities. However, plaintiff is proceeding *in forma pauperis* ["IFP"], which means without prepayment of fees. Therefore, the federal district court may dismiss his claims, *sua sponte*, if it "determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief my be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because the court finds plaintiff has not stated a claim for relief based on § 1985(3) against defendants Harper and Vickers in their personal capacity, plaintiff's claims against defendants in their official capacities will be dismissed for failure to state a claim.

conspiracy causes injury.[8] "The text of § 1986 requires the existence of a § 1985 conspiracy.

. . . [B]ecause § 1986 is derivative of § 1985, [plaintiff cannot] establish a violation of §

1986 without establishing a violation of § 1985." *Park v. City of Atlanta*, 120 F.3d 1157,

1160 (11th Cir. 1997).

Because the court finds plaintiff has not alleged a § 1985(3) claim, defendants'

Motions to Dismiss his claims under § 1986 will be granted.  All claims based on 42 U.S.C.

§ 1986 against defendants Harper and Vickers in both their individual and official capacities

will be dismissed.[9]

---

[8]Section 1986 provides:

Every person who, having knowledge that any of the wrongs conspired to be
done, and mentioned in section 1985 of this title, are about to be committed,
and having power to prevent or aid in preventing the commission of the same,
neglects or refuses so to do, if such wrongful act be committed, shall be liable
to the party injured, or his legal representatives, for all damages caused by
such wrongful act, which such person by reasonable diligence could have
prevented; and such damages may be recovered in an action on the case; and
any number of persons guilty of such wrongful neglect or refusal may be
joined as defendants in the action; and if the death of any party be caused by
any such wrongful act and neglect, the legal representatives of the deceased
shall have such action therefor, and may recover not exceeding $5,000
damages therein, for the benefit of the widow of the deceased, if there be one,
and if there be no widow, then for the benefit of the next of kin of the
deceased.  But no action under the provisions of this section shall be sustained
which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

[9]See, supra note 7.

14

### c. Section 1983/First, Fourth, and Fourteenth Amendments to the United States Constitution

The Eleventh Circuit has held:

> Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions. 42 U.S.C. § 1983.  Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights.  Therefore, the plaintiff must point to a specific federal right that the defendant violated.

*Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1299 (11th Cir. 2007)(citing *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)).  As set forth above, plaintiff alleges, "Defendants engaged in conduct set forth herein that deprived Plaintiff Lowe[,] under color of [state] law, his right to free speech, and free association, freedom from unreasonable search and seizure, due process, equal protection and privileges and immunities."  (Doc. 4 ¶ 65.)  As set forth above, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).  Plaintiff's Complaint contains only "naked assertions" that are devoid of the essential facts necessary to state a claim for which relief may be granted.  Therefore, his § 1983 claims will be dismissed.

### i.  The City of Athens

To the extent plaintiff asserts claims against defendants Harper and Vickers in their official capacity, his claims are asserted against the City of Athens, the entity Harper and Vickers represent.

"The Supreme Court has placed strict limitations on municipal liability under section 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  "[A] municipality may be held liable for the actions of a police officer *only* when municipal 'official policy' causes a constitutional violation."  *Id*. (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978))(emphasis added).  The City "is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated [plaintiff's] constitutional rights."  *Id*.  However, the City may be liable under section 1983 when "the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights."  *Id.* (citations omitted).  Because a municipality generally does not have an express policy of inadequately training or supervising its employees, "plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants . . . ."  *Id.*  "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action."  *Id.*

16

Plaintiff's Complaint fails to allege any policy of the City of Athens that caused the alleged violations of his constitutional rights.  Therefore, plaintiff's § 1983 claims against defendants Harper and Vickers in their official capacities will be dismissed.[10]

### ii.  Personal Capacity – Qualified Immunity

Defendants Harper and Vickers contend that the § 1983 claims against them in their individual capacities are due to be dismissed on the basis of qualified immunity.  (Doc. 9 ¶ 2; doc. 11 ¶ 2.)

> When government officials act in a way that knowingly violates a clearly established statutory or constitutional right of which a reasonable person would have known, they are not immune from suit and may be held liable for the damage their actions caused. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).  But when these same officials make decisions that do not knowingly violate such rights, they are not required to defend themselves in a lawsuit seeking damages. *Id*.  They are "immune" from suit. *Id*.  We call this defense "qualified immunity" because the official is immune from a damage lawsuit, qualified upon his ability to show that he did not knowingly violate the plaintiff's clearly established constitutional right. *Id*.

*Ray v. Foltz*, 370 F.3d 1079, 1081-82 (11th Cir. 2004).  "Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Carr v. Tatangelo*, 338 F.3d 1259, 1266 (11th Cir. 2003)(quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)))(internal citations and quotations omitted.).

---

[10]See, supra note 7.

The Eleventh Circuit uses a two-step analysis to determine whether a public official has qualified immunity: (1) the public official must establish that he was acting within the scope of his discretion; and (2), if the public official establishes that he was acting within his discretion, the plaintiff must show that the public official violated clearly established statutory or constitutional law. *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Sims v. Metropolitan Dade County*, 972 F.2d 1230, 1236 (11th Cir. 1992). Plaintiff does not dispute that defendants were acting within the scope of their discretion; therefore, the issue for the court is whether their actions violated clearly established constitutional law.

Whether defendants actions violated clearly established constitutional law also "consists of a two-part inquiry." *Harris v. Coweta County, Ga.*, 433 F.3d 807, 812 (11th Cir. 2005)(citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

> First we ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" [*Saucier*, 533 U.S. at 201] If, assuming the plaintiff's allegations were true, no such right would have been violated, the analysis is complete. However, if a constitutional violation can be made out on the plaintiff's facts, we then must determine "whether, at the time of the incident, every objectively reasonable police officer would have realized the acts violated already clearly established federal law." *Garrett v. Athens-Clarke County*, 378 F.3d 1274, 1278-79 (11th Cir. 2004)(citing *Saucier*, 533 U.S. at 201-02).

*Id.*

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope*, 536 U.S.

18

at 736.[11]   In a civil action brought pursuant to § 1983, plaintiff bears the burden of demonstrating a constitutional violation.  *Harris*, 433 F.3d at 811(citing *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002)); *Kesler*, 323 F.3d at 877-78.

"To survive a motion to dismiss [based on qualified immunity], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  [In such a case,] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Keating v. City of Miami*, 598 F.3d 753, 763 (11th Cir. 2010)(quoting *Iqbal*, 129 S. Ct. at 1948-49 (quoting *Twombly*, 550 U.S. at 570))(internal quotations and citations omitted).

As set forth above, Count I of plaintiff's Complaint contains a single substantive paragraph, which states, "Defendants engaged in conduct set forth herein that deprived Plaintiff Lowe[,] under color of law, his right to free speech, and free association, freedom from unreasonable search and seizure, due process, equal protection and privileges and immunities."  (Doc. 4 ¶ 65.)  In the "Background Information" section of his Complaint,

---

[11]The Supreme Court has recently limited *Saucier's* mandate that a district court **must** decide the question of qualified immunity by deciding first if there has been a constitutional violation.  *Pearson v. Callahan*, _____ U.S. _____,   129 S. Ct. 808, 818 (2009)("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory.  The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.")

19

plaintiff does not describe any protected speech[12] or describe any protected association,[13] he makes no allegation describing how the actions of defendants adversely impaired his speech or interfered with associational activity, and he does not describe the but-for causal connection between his protected activity and defendants conduct.  (*See* doc. 4 ¶¶ 16-63.) He states only that "defendants"[14] pulled him over, searched his vehicle, and imprisoned him inside their police car.  (Doc. 4 ¶¶ 22, 28-29.)  He does not include any details sufficient to satisfy the court that the search and/or seizure were unlawful.[15]  Indeed, he concedes that he

---

[12]To allege a plausible § 1983/First Amendment speech claim, plaintiff must set forth "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech."  *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)(citing *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005); *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002)); *see also Hartman v. Moore*, 547 U.S. 250, 259 (2006)("plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent injury").

[13]"Freedom of association is a fundamental right that encompasses two forms, namely 'intimate association' and 'expressive association.'  'Intimate association' is the right to 'maintain certain intimate human relationships,' and 'expressive association' is the 'right to associate for the purpose of engaging in those activities protected by the First Amendment-speech, assembly, petition for the redress of grievances, and the exercise of religion."  *Gary v. City of Warner Robins*, 311 F.3d 1334, 1338 (11th Cir. 2002)(quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984); citing *McCabe v. Sharrett*, 12 F.3d 1558, 1562-63 (11th Cir. 1994)).

[14]The Complaint alleges that Vickers and an "unknown defendant" stopped him. (Doc. 4 ¶ 22.)  He does not allege that defendant Harper was on the scene.  (*Id*. ¶¶ 21-44.)

[15]Police officers may search a vehicle to inventory its contents prior to impounding the vehicle.  *See United States v. Melton*, No. 2:08CR219-MEF(WO), 2009 WL 2143638, *2 (M.D.Ala. July 15, 2009)(citing, *inter alia*, *Colorado v. Bertine*, 479 U.S. 367 (1987)).

was driving on a suspended license and that Vickers told him the search of his vehicle was to inventory it before it was impounded.  (*id*. ¶¶ 17-18, 40, 42.)  He does not attempt to describe any procedural due process defendants Harper and Vicker allegedly denied him.[16]  Moreover, nowhere in his Complaint does he allege he is a member of any protected class for purposes of his equal protection clause claim.[17]  Plaintiff's Complaint "has not nudged his claims [based on § 1983] across the line from conceivable to plausible" with sufficient factual allegations.  *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570)(internal quotations omitted).

Defendants' Motions to Dismiss plaintiff's § 1983 claims will be granted.  Plaintiff's § 1983 claims against defendants Harper and Vickers will be dismissed without prejudice.[18]

**2.  State-Law Claims**

**a.  Count II – Violations of the Alabama Constitution**

---

[16]"In order to establish a procedural due process violation under 42 U.S.C. § 1983, a plaintiff must show: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Smedley v. City of Ozark*, No. 2:09CV902-MHT, 2010 WL 2976179, *3 (M.D. Ala. 2010)(quoting *Lowery v. Strength*, 356 Fed. Appx. 332 (11th Cir. 2009))(internal quotation marks and citations omitted).

[17]"In order to state an equal protection claim, the plaintiff must prove that he was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably."  *Amnesty Intern., USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009)(citing *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998)).

[18]See, supra note 7.

Plaintiff alleges, "Defendants engaged in conduct set forth herein that deprived [him] of his right to enjoy and defend his liberty, right to seek and pursue safety and happiness, freely and fully speak, be secure in his person, property, papers and possessions from unreasonable search and seizure."   (Doc. 4 ¶ 67.)  As with his federal claims, plaintiff has failed to allege sufficient facts to "nudge[ ] his claims [based on the Alabama Constitution] across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570)(internal quotations omitted).

Nevertheless, even if plaintiff had adequately alleged this claim in accordance with Fed. R. Civ. P. 8, this claim would be dismissed as a matter of law because Alabama does not "recognize[ ] a private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama of 1901." *Matthews v. Alabama A&M University* 787 So. 2d 691, 698 (Ala. 2000).  Therefore, defendants' Motions to Dismiss will be granted and Count II of plaintiff's Complaint will be dismissed with prejudice.[19]

### b.  Count III – Failure to Train and Supervise and Count IV – Negligent Hire and Retention

This claim is asserted against defendant Harper only.  (Doc. 4 ¶¶ 69, 71.)  To state a claim for negligent/wanton/intentional hiring, training, supervision, and/or retention, plaintiff must allege Harper had "notice or knowledge, either actual or presumed, of [his employee's] unfitness."

---

[19]See, supra note 7.

Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge.   It is incumbent on the party charging negligence[, wantonness or intentional conduct] to show [the employer's knowledge or notice of the employee's incompetence] by proper evidence. This may be done [1] by showing specific acts of incompetency and bringing them home to the knowledge of the master, or [2] by showing them to be of such nature, character, and frequency that the master, in the exercise of due care, must have had them brought to his notice.   While such specific acts of alleged incompetency cannot be shown to prove that the servant was negligent in doing or omitting to do the act complained of, it is proper, when repeated acts of carelessness and incompetency of a certain character are shown on the part of the servant to leave it to the jury whether they would have come to his knowledge, had he exercised ordinary care.

*Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1003 (Ala. 1993)(quoting *Lane v. Central Bank of Alabama, N.A.*, 425 So.2d 1098, 1100 (Ala.1983)(quoting *Thompson v. Havard*, 235 So.2d 853 (1970))).[20]  "[I]mplicit in the tort of negligent[, wanton, or intentional] hiring, retention, training, and supervision is the concept that, as a consequence of the employee's incompetence, the employee committed some sort of act, wrongdoing, or tort that ***caused*** the injury to the plaintiff.  *Jones Express, Inc. v. Jackson*, Appeal No. 1070066, ____ So. 3d ____, 2010 WL 3724744, *6 (Ala. Sept. 24, 2010)(quoting *Humana Med. Corp. of Alabama v. Traffanstedt*, 597 So. 2d 667, 669 (Ala.1992))(emphasis in *Jones Express*).

---

[20]Plaintiff has not alleged a federal claim based on the hiring, training, supervision and/or retention of Vickers.  Nevertheless, the court notes that the standard for such claims, "deliberate indifference," is similar to the state-law standard.  "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997).

Plaintiff's Complaint contains no allegations regarding defendant Harper's knowledge or notice of any incompetency of Vickers or any other Officer involved in the October 13, 2008, incident, much less allegations sufficient to "nudge[ ] his claims [based on hiring, training, supervision, and retention] across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570)(internal quotations omitted). Therefore, defendants' Motions to Dismiss will be granted and Counts III and IV of plaintiff's Complaint against defendant Harper will be dismissed without prejudice.[21]

### c.  Count V – Malicious Prosecution

Plaintiff alleges, "Defendants' [sic] Athens Police Department, Wayne Harper, Randy Vickers and unknown defendants' conduct and action against Plaintiff Lowe were the result of malice and undertaken with knowledge or reckless indifference that Lowe's conduct did not rise to the level of a traffic or criminal offense."  (Doc. 4 ¶ 73.)

In Alabama, to establish a malicious prosecution claim, plaintiff must allege that defendants "acted without probable cause." *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 831 (Ala. 1999), *cited in Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 174 (Ala. 2000). "In malicious prosecution cases, 'probable cause' is defined as 'such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.'" *Goodman*, 789 So. 2d 174 (quoting *Delchamps, Inc. v. Morgan*, 601 So. 2d 442, 445 (Ala.1992)).

---

[21]See, supra note 7.

24

According to the Complaint, the Alabama Department of Public Safety suspended his driver's license, Vickers received information that plaintiff was operating a vehicle on a suspended license, and he gave plaintiff a citation for driving with a suspended license. (Doc. 4 ¶¶ 17-18, 22-23, 39, 41.)  These facts certainly support a finding that Vickers had probable cause to cite plaintiff for driving with a suspended license; the facts will not support even an inference that Vickers's citation was given without probable cause.

Defendants' Motions to Dismiss will be granted and Count V of plaintiff's Complaint will be dismissed with prejudice.[22]

### d.  Count VI – Conspiracy

Plaintiff contends, "Defendants individually and collectively were the result [sic] of a concerted action to deprive Plaintiff Lowe of his Constitutional, statutory and common law rights, privileges and immunities."  (Doc. 4 ¶ 75.)  Plaintiff's alleged conspiracy, involving only defendants, is barred by the doctrine of intracorporate conspiracy.

> Under the intracorporate conspiracy doctrine, the actions "of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.  Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  *McAndrew* [*v. Lockheed Martin Corp.*], 206 F.3d [1031,] 1036 [(11th Cir. 2000)(en banc)].

*Newsome v. Lee County*, 431 F. Supp. 2d 1189, 1203 (M.D. Ala. 2006).

---

[22]See, supra note 7.

25

Defendants' Motions to Dismiss will be granted.  Count VI of plaintiff's Complaint will be dismissed with prejudice against defendant Harper and Vickers in their personal and official capacities.[23]

### e.  Count VII – Defamation, Libel, Slander

Plaintiff contends, "Defendant Vickers and unknown defendants' accusations against Plaintiff Lowe were knowingly false or made with reckless indifference for the truth resulting in harm to Lowe."  (Doc. 4 ¶ 77.)  He alleges, "Defendant Vickers made inferences and statements that . . . defamed the Plaintiff and several concerned homeowners' present at the scene."  (*Id*. ¶ 37.)  He does not include the actual "inferences and statements" in his Complaint.

`      Libel is a defamation based on written or printed statements.  *Willow Lake Residential Ass'n, Inc. v. Juliano*, No. 2081099, 2010 WL 3377701, *16 (Ala. Civ. App. Aug. 27, 2010)(citing *First Indep. Baptist Church of Arab v. Southerland*, 373 So. 2d 647, 648 (Ala. 1979)).  Nothing in plaintiff's Complaint hints at any written or printed statement made by Vickers.

Defendants' Motions to Dismiss will be granted, and the court will dismiss plaintiff's libel claim with prejudice.

As to plaintiff's claims of defamation and slander, Alabama law requires:

---

[23]See, supra note 7.

The elements of a cause of action for defamation are:  1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

*Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003)(quoting *McCaig v. Talladega Publ'g Co.*, 544 So. 2d 875, 877 (Ala. 1989)).  Without actually alleging Vicker's defamatory statement, plaintiff has not stated a claim upon which relief may be granted.

Defendants' Motions to Dismiss will be granted as to plaintiff's claims of defamation and slander.  The court will dismiss these claims without prejudice.[24]

### f.  Count VIII – Conversion and Count XI – Trespass

Plaintiff alleges "Defendant Vickers['s] . . . unauthorized deprivation of property occurred when Vickers removed from Plaintiff Lowe property Lowe otherwise lawfully possessed."[25]  (Doc. 4 ¶ 79.)  He also contends, "The defendants' [sic] herein did enter into the vehicle of Plaintiff Lowe without permission to do so, and without any legal privilege to do so, and did thereby commit the tort of trespass, resulting in damages and injury to Plaintiff herein."  (*Id*. ¶ 87.)

Under Alabama law –

--------

[24]See, supra note 7.

[25]Lowe does not describe his "property" alleged to have been converted.  (*See* doc. 4 ¶ 79.)  The court assumes he is referring to his truck, which Vickers had impounded.  (*Id*. ¶ 40.)

To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, an illegal assumption of ownership, or an illegal use or misuse of another's property. *Covington v. Exxon Co. U.S.A.*, 551 So. 2d 935, 938 (Ala. 1989). "The gist of the action is the **wrongful** exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has general or special title to the property or the immediate right to possession." *Ott v. Fox*, 362 So. 2d 836 (Ala.1978) (emphasis added).

*Horne v. TGM Associates, L.P.*, _____ So. 3d _____, 2010 WL 3290983, *10 (Ala. Aug. 20, 2010)(quoting *Baxter v. SouthTrust Bank of Dothan*, 584 So. 2d 801, 804-05 (Ala. 1991))(emphasis in *Baxter*). Likewise, "A trespass to property is a **wrong** against the right of possession or entry." *Boyce v. Cassese*, 941 So. 2d 932, 945 (Ala. 2006)(citing *Jefferies v. Bush*, 608 So. 2d 361, 362 (Ala. 1992); *AmSouth Bank v. City of Mobile*, 500 So. 2d 1072 (Ala. 1986))(emphasis added). A defendant who has a "legal right" to possession cannot be liable for a trespass based on that possession. *Id*. The law is well established that "[a] ministerial officer, in a case in which it is his duty to act, cannot on any principle of law be made a trespasser." *Haffin v. Mason*, 82 U.S. 671, 675 (1872). "One is **privileged** to commit an act which would otherwise be a trespass to a chattel or a conversion ***if he is acting in discharge of a duty or authority created by law*** to preserve the public safety, health, peace, or other public interest, and his act is reasonably necessary to the performance of his duty or the exercise of his authority." Restatement (Second) of Torts § 265 (emphasis added).

As set forth above, Alabama law and the City's Ordinance create a duty requiring police officers to impound any vehicle being driven by an individual without a valid driver's license. Plaintiff concedes he was driving on a suspended license when stopped by defendant

28

Vickers.  He has alleged no facts sufficient to allow the court to find that his claims of conversion and trespass are based on conduct that was not authorized by law.  His summary statements of his claims, with no supporting factual detail, are insufficient to "nudge[ ] his claims [based on conversion and trespass] across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570)(internal quotations omitted). Therefore, defendants' Motions to Dismiss will be granted, and the court will dismiss Counts VIII and XI of plaintiff's Complaint without prejudice.[26]

### g.  Count XIV – Declaratory Judgment

Plaintiff alleges, "Defendants failed to follow procedures of the defendant Athens Police department, resulting in harm to Lowe."  (Doc. 4 ¶ 81.)  However, his Complaint contains no detailed description of these "procedures" and does not specify how defendants Vickers and Harper violated the undefined procedures.  Also, plaintiff does not request any specific declaration from the court.  (*Id*. ¶¶ 81, 90, and p. 13.)

The Declaratory Judgment Act provides:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

---

[26]See, *supra*, note 7.

28 U.S.C. § 2201(a).  In order to plead a Declaratory Judgment claim, plaintiff must describe "the rights and other legal relations" he wants the court to establish or "declare."  *Id.*  "As stated in the Notes to Federal Rules of Civil Procedure, compiled by the Supreme Court Advisory Committee [of 1937], sub. Rule 57: 'The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared.'"  *American Macaroni Mfg. Co. v. Niagra Fire Ins. Co. of New York*, 43 F. Supp. 933, 935 (D. Ala. 1942).  Plaintiff simply has not told the court what he wants declared nor has he defined the basis for such relief.

Defendants' Motions to Dismiss will be granted.  Count XIV of his Complaint will be dismissed without prejudice.[27]

### h.  Count X – Intentional And/or Negligent Infliction of Emotional Distress

Plaintiff contends, "The actions of defendants' [sic] against Plaintiff Lowe were outrageous and intolerable and were intended to and did cause Lowe injury and emotional distress, resulting in damages and injury to Lowe."  (Doc. 4 ¶ 84.)  He also states, "Likewise, the actions of defendants' [sic] against Plaintiff Lowe were outrageous, intolerable and constitute[ ] a breach of duty owed to Plaintiff Lowe.  As such these actions were the direct result and proximate cause of emotional distress to Lowe, resulting in damages and injury to Lowe."  (Doc. 4 ¶ 85.)

---

[27]See, supra note 7.

Alabama does not recognize a cause of action for negligent infliction of emotional distress. *Allen v. Walker*, 569 So. 2d 350, 352 (Ala. 1990). The Supreme Court of Alabama has stated, "[T]here is no cause of action for the ***negligent*** infliction of emotional distress. This Court has repeatedly stated that only intentional infliction of severe emotional distress is actionable." *Id.* (citing *Green Tree Acceptance, Inc. v. Standridge and El-Jay's, Inc.*, 565 So. 2d 38 (Ala. 1990); *Busby v. Truswal Systems Corp.*, 551 So. 2d 322, 324 (Ala. 1989); *Whitt v. Hulsey*, 519 So. 2d 901, 903-04 (Ala. 1987); *American Road Service Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980))(emphasis in *Allen*).

Therefore, defendants' Motions to Dismiss will be granted; plaintiff's claim for negligent infliction of emotional distress will be dismissed with prejudice.[28]

In Alabama, the tort of intentional infliction of emotional distress, or outrage, has been limited to three distinct factual bases:

> (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey*, 519 So. 2d 901 (Ala. 1987); (2) barbaric methods employed to coerce an insurance settlement, *National Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133 (Ala. 1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989).

*Horne*, 2010 WL 3290983 at *13 (quoting *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)).

Plaintiff's allegations against defendants arise from the traffic stop of October 13, 2008. Such conduct cannot, as a matter of Alabama law, support a separate claim for intentional infliction of emotional distress. Therefore, defendants' Motions to Dismiss will

---

[28]See, *supra* note 7.

be granted; plaintiff's claim for intentional infliction of emotional distress will be dismissed with prejudice.[29]

### i.  Count XII – Punitive damages – Oppression, Fraud or Malice

Plaintiff contends, "The actions of defendants' [sic] justify punitive damages as the interaction was willful, wanton, oppressive, fraudulent and malicious within the meaning of Alabama laws thereby entitling the Plaintiff to recover damages in such amount as to hopefully deter such conduct in the future, pursuant to Alabama Code, with said amounts to be proven at trial."  (Doc. 4 ¶ 89.)  The Count is a request for relief.  Because the court has dismissed plaintiff's claims, his request for punitive damages is moot.

Nevertheless the court notes that neither Vickers nor Harper in their official capacities as representatives of the City may be liable for punitive damages under state law, Ala. Code § 6-11-26, or federal civil rights laws, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

### j.  State Immunity

Claims dismissed without prejudice may be refiled.  The court notes that, to the extent Lowe may refile any of the state-law claims set forth above, he must allege such claims in a manner that shows defendants Harper and Vickers, in both their individual and official capacities, are not entitled to state-law immunity.

---

[29]See, supra note 7.

The Alabama legislature granted statutory immunity from state tort liability to municipal police officers for "conduct in performance of any ***discretionary*** function within the line and scope of his or her law enforcement duties."  Ala. Code § 6-5-338(a) (emphasis added).[30]  This immunity, which shields an officer from state-law tort liability when the basis asserted for such liability is that the officer allegedly committed some wrongful act in connection with securing an arrest, is also "intended to extend . . . to . . . governmental units or agencies authorized to appoint peace officers."  *See id*. (b).  Alabama state courts have

---

[30]Section 6-5-338(a) and (b) state:

(a)  Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such ***shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties***.

(b)  ***This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers***. No immunity is extended hereby to any private non-governmental person or entity, including any private employer of a peace officer during that officer's off- duty hours.

Ala. Code § 6-5-338 (a) & (b)(emphasis added).

afforded discretionary function immunity to officers, and, by extension, municipalities, so long as the officer's actions are (1) within his discretion and (2) are not done willfully, in bad faith, or with malice. *City of Birmingham v. Sutherland*, 834 So. 2d 755, 759 (Ala.), *cert. denied* 537 U.S. 1018 (2002); *see also Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1216 (M.D. Ala. 2000)(quoting *Couch v. City of Sheffield*, 708 So. 2d 144, 153 (Ala. 1998)(police officers "are entitled to immunity unless their conduct was 'so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith.'").

Also, Vickers and Harper, in their official capacity, may be entitled to immunity from plaintiff's state-law claims based on Ala. Code § 11-47-190, which provides immunity to the City – and thus Harper and Vickers in their official capacities.  Section 11-47-190 states:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the ***neglect, carelessness or unskillfulness*** of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . .

Ala. Code. § 11-47-190 (emphasis added).   "As 'unskillful' is used in § 11-47-190, it means lacking in skill or proficiency."  *City of Birmingham v. Thompson*, 404 So. 2d 589 (Ala. 1981)(internal quotations omitted).

Any allegations sufficient to reassert plausible state-law claims must be sufficient to show that defendants Harper and Vickers, in their individual and official capacities are not entitled to state-law immunity.

34

## C.  LEAVE TO REFILE COMPLAINT

The court will grant plaintiff leave to refile those claims dismissed without prejudice. As set forth explicitly herein, plaintiff's Complaint fails to set forth plausible claims against defendants.  His Complaint contains 47 paragraphs of "Background Information" and twelve Counts.  (*See generally* doc. 4.)  Count I contains seven causes of action[31] against the three defendants, including a claim against each individual defendant in his official capacity.  (*Id*. ¶¶ 64-65.)  Each Count "incorporates" each and every "foregoing paragraph," but does not include any specific facts in support of that specific Count.  He rarely distinguishes among defendants.  Therefore, the court finds this is a classic shotgun complaint,[32] repeatedly criticized by the Eleventh Circuit.  *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010)(citing *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 984 (11th Cir. 2008); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir. 1995); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

---

[31] By the court's count, Count I of plaintiff's Complaint contains these causes of action (1) § 1985(3); (2) § 1986, (3) §1983/First Amendment – free speech; (4) § 1983/First Amendment – freedom of association; (5) § 1983/Fourth Amendment – search and seizure; (6) § 1983/Fourteenth Amendment – due process; and (7) § 1983/Fourteenth Amendment – equal protection.

[32] "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

> As [the Eleventh Circuit has] stated on several occasions . . . if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader.  Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.

*Thompson*, 610 F.3d at 698-99.

Therefore, the court gives plaintiff these specific instructions regarding any Complaint he may hereafter file.  The Complaint shall comply with Federal Rules of Civil Procedure 8(a),[33] 8(e)(1),[34] 10(b),[35] and 11(b).[36]  *Davis*, 516 F.3d at 980 and n.57.

---

[33]Rule 8(a) **Claims for Relief**.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

[34]Rule 8(e)(1) **Pleading to be Concise and Direct**.  Each averment of a pleading shall be simple, concise, and direct.

[35]Rule 10(b) **Paragraphs; Separate Statements**.  All averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . .  Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

[36]Rule 11(b) **Representations to Court**.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the

36

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Id*. n.57 (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir.1996)(quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir.1985)(Tjoflat, J., dissenting))).  ***Each*** Count in plaintiff's Complaint shall contain no more than ***one discrete claim*** for relief and shall include within in Count ***all allegations of fact that support that discrete claim***.  Failure to comply with these explicit instructions may result in sanction, including dismissal, without further notice.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Complaint, (doc. 4), fails to state a claim against defendants.  An Order granting defendants' Motions to Dismiss, (docs. 6, 9-11), and dismissing defendants City of Athens Police Department, defendant Harper in his individual capacity and defendants Vickers in his individual capacity – as well as dismissing the official capacity claims against defendants Harper and Vickers *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) – will be entered contemporaneously with this Memorandum Opinion.

---

allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**DONE**, this 28th day of September, 2010.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE